**UNITED STATES of America**

v.

**ESTATE OF Woodrow W. PAYNE, Deceased, and Evelyn Cormier Payne, Estate Representative.**

**Civ. A. No. B–86–0458–CA.**

United States District Court, E.D. Texas, Beaumont Division.

Feb. 10, 1987.

John B. Stevens, Asst. U.S. Atty., Beaumont, Tex., for plaintiff.

Shimon Kaplan, East Texas Legal Services, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

This is an action brought by the Veteran's Administration to collect a debt due it from Evelyn Cormier Payne, in her capacity as estate representative of Woodrow Payne. The debt in question was created when Woodrow Payne received an overpayment on his disability pension from the Veteran's Administration.

Mrs. Payne has moved to dismiss, or in the alternative, stay the proceedings in this court pending administrative determination of the Government's claim. Mrs. Payne argues she is entitled to an administrative determination of her right to a waiver of overpayment before the Government can proceed in this court. The Government argues: (a) Mrs. Payne has no right to seek an administrative waiver because under the applicable statute and regulation only payees and beneficiaries of overpayments may seek a waiver; and (b) even if she were entitled to seek a waiver, she lost that right by failing to assert it within the period prescribed by statute. The Government is correct.

## FACTS

Woodrow Payne was notified by the Veteran's Administration in April of 1981 that an overpayment had occurred. The Administration demanded payment, and informed him of his right to request a waiver. Woodrow Payne took no action with respect to the VA's letter. Mr. Payne died on June 7, 1983. The deadline for applying for a waiver was April 27, 1983, which passed without any action by Mr. Payne. Mr. Payne's will was admitted to probate in July 1983, and his wife, Mrs. Payne, was the sole heir and the estate representative.

## DEFENDANT'S MOTION TO DISMISS

The Government is barred from collecting overpayments of Veteran's Administration benefits whenever the Administrator determines that collection would be against equity and good conscience. 38 U.S.C. § 3102(a). The statute requires that a waiver must be sought within two years from the date of notification of the overpayment. *Id.* Under the statute, only payees or beneficiaries of overpayments are entitled to seek a waiver. 38 C.F.R. § 1.962.

Mrs. Payne seeks a waiver in her capacity as administratrix of the estate of her late husband. Under the statute and regulation applicable to this case, it is clear she has no right to seek a waiver because she is neither a payee or beneficiary of the overpayments at issue. Nevertheless, Mrs. Payne argues that the statute grants to anyone having an interest in the overpayment (e.g., a widow), the right to seek a waiver. Therefore, the regulation is invalid because it only allows payees and beneficiaries of overpayments to seek a waiver.

■ This court rejects Mrs. Payne's arguments. The regulation simply defines the term "overpayment," as used in the statute, to exclude payments received by third parties who are neither payees or beneficiaries. Consistent with the statute, the regulation clarifies that the waiver consideration is limited to deserving veterans and beneficiaries. Mrs. Payne can cite no rule holding that a widow by virtue of that status alone has a right to seek a waiver. *Beauchesne v. Nimmo,* 562 F.Supp. 250 (D.Conn.1983), is not on point. In *Beauchesne,* the court held that the widow of

the veteran could request a waiver because the VA had garnished monies from a joint account with right of survivorship, after the veteran's death. The court ruled that under Connecticut law, a widow had sufficient property interest in the joint account to entitle her to the procedural safeguards of the waiver recoupment statute. Such is not the case at bar.

 Mrs. Payne further argues that this case deals with payments received by Mr. Payne, who as payee had a right to request a waiver. Nevertheless, Mr. Payne did not seek a waiver. Mrs. Payne, as representative of her husband's estate, has no more rights in seeking a waiver than her husband had. Mr. Payne's failure to timely seek a waiver makes the overpayment final and conclusive and not subject to a request for waiver.

## CONCLUSION

Defendant's motion to dismiss or stay is hereby DENIED.