UNITED STATES of America, Plaintiff-Appellee,

v.

ESTATE OF Woodrow W. PAYNE, Deceased, and Evelyn Cormier Payne, Estate Representative, Defendants-Appellants.

No. 87–2876

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 3, 1988.

Shimon Kaplan, Beaumont, Tex., for defendants-appellants.

John B. Stevens, Jr., Asst. U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

In April 1981 the Veterans' Administration (VA) notified Woodrow W. Payne, a veteran, of an overpayment in benefits totaling $1,899. The VA demanded repayment but informed Payne of his right to request that the VA waive the debt. Payne did not request a waiver, and the debt was outstanding when he died in June of 1983. Payne's will was admitted to probate in July 1983 and his widow, Evelyn Cormier Payne, was appointed estate representative.

In August 1985 the VA requested repayment from Payne's estate. Receiving no response, it made formal demand in October 1985 and submitted a claim against Payne's estate in probate court in March of 1986. When the claim was denied, the instant suit was filed against Payne's estate and Mrs. Payne as estate representative.

Mrs. Payne asked the district court either to dismiss or stay the action in order that she might seek an administrative waiver of the debt under 38 U.S.C. § 3102. The district court denied the motion, construing § 3102(a) and applicable VA regulations as limiting waiver to the payee or beneficiary, in this case Woodrow Payne. *United States v. Estate of Payne*, 654 F.Supp. 399 (E.D.Tex.1987). The trial court then granted summary judgment in favor of the VA. Mrs. Payne does not contest the debt, but she challenges the trial court's initial ruling, contending that the district court erred

in denying her, as estate representative, an opportunity to seek an administrative waiver.

*Analysis*

The pertinent part of 38 U.S.C. § 3102(a) provides:

> There shall be no recovery of payments ... or overpayments ... of any benefits ... whenever the Administrator determines that recovery would be against equity and good conscience, if an application for relief is made within 180 days from the date of notification of the indebtedness by the Administrator to the payee, or within such longer period as the Administrator determines is reasonable....

Relevant VA regulations are both instructive and dispositive. A waiver request "will not stay any collection proceeding," but, "[i]f waiver is granted, in whole or in part, the debtor has a right to refund of amounts already collected up to the amount waived." 38 C.F.R. §§ 1.911a(c), 1.911a(c)(2). Accordingly, any rights which Mrs. Payne has to seek an administrative waiver were unaffected by the pendency of the instant suit, and neither dismissal nor stay for that purpose was appropriate. The district court therefore correctly denied the motion for dismissal or stay and its ruling is AFFIRMED.